The bill prayed for a discovery, and that the defendant might be decreed to pay the plaintiff the amount of the bond executed by Leonard Merriman.
An answer was filed and proof taken, but summary of them is unnecessary.
A very evasive answer in this case raises a strong suspicion in my mind that the defendant was a partner, which is fully confirmed by the proofs. I should therefore be pleased, if I could, to make him liable to a debt which he justly owes; and especially since the nature of his defense here has held up the case until it is too late to sue at law. But I believe there is no ground for this Court to relieve on, and the bill must be dismissed.
If the contract is to be regarded as joint and several, or, although made in Virginia, if it can be enforced here, under our statute, by a joint or several suit, the bond of Merriman did not extinguish it as to anybody but himself. That is common doctrine, and is exemplified every day in suits being brought against one joint and several obligor after a judgment against another. The remedy at law by assumpsit
remained against the other partners after Merriman had given his bond. It is not like a release, which supposes or imports a satisfaction. It is simply an extinguishment of the simple contract, as far as (468) regards Merriman, and no further.
If, on the other hand, the contract of partners is by the law of Virginia joint, and not joint and several, then it is extinguished altogether by taking the bond of one of them; because it is as to the obligor himself, and the others cannot be sued without him. If the others are sued separately, they may plead it in abatement. If they are all sued jointly, then the bond is a bar. It is like the case of a judgment against one of two joint obligors; after which the security cannot be further proceeded on, and is lost. Brown v. Wooten, Cro. Jac., 73. Is there anything to induce equity to interpose? The party has himself extinguished his legal remedy for a mere legal demand. The mere loss of a debt does not raise an equity. Negligence or mere ignorance does not call into action this jurisdiction. That is the party's fault. There must be some *Page 278 
accident, fraud, or mistake. When he took the bond of one partner, it is proved that he trusted that one. He cannot say that he is entitled to a better security now, because he might have had it at first, if he had chosen. He made his selection, and must abide by it. In the present case the bill admits that the defendant was not trusted; for the plaintiff did not know him as a partner, and never discovered that he was until after judgment against the other. His own folly in trusting a man unworthy of it, or in omitting to ascertain whom he had bound for the price of the goods before he took a security, by which a part, then legally bound, became discharged, cannot be helped. If this had been a subsequent arrangement, upon any representation that there were no other partners at the buying of the goods, or if it were shown that the goods were bought under an agreement to conceal the partners, (469) and with a view to Merriman's insolvency, the matter would be different. That would be a fraud. But here the scope of the bill is to get a security, which the plaintiff admits he did not contract for, upon the ground that at law he had it without his knowledge, and without his knowledge has lost it. There is no such head of equity, that I know of. This is not like following the assets of a deceased partner, upon the insolvency of the survivor. That goes upon the idea that both were trusted, and each looked to, and the accident of the death of one shall not defeat the creditor. But that idea is completely rebutted when a several security is originally taken from one of the partners. I repeat that the whole ground of the bill is that the plaintiff, in willful darkness, made a bad bargain in the exchange of securities. When he gave up his remedy at law by his own act, he gave up that in equity, there being no fraud.